**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

WILDEARTH GUARDIANS,

       Plaintiff,

   v.

LISA JACKSON, in her official capacity as
Administrator, United States Environmental Protection Agency,

       Defendant.

---

**COMPLAINT**

---

**INTRODUCTION**

1.      This is a straightforward, Clean Air Act deadline suit.  42 U.S.C. §§ 7401-7671q.

Plaintiff, WildEarth Guardians ("Guardians") filed a petition (the "Petition") with Defendant,

Lisa Jackson, the Administrator of the U.S. Environmental Protection Agency ("EPA") over four

months ago.  See 42 U.S.C. § 7661d(b)(2) (authorizing such petitions).  Guardians' Petition asks

the Administrator to object to an air pollution permit (the "Permit") issued by the Colorado

Department of Public Health and Environment, Air Pollution Control Division ("APCD") to the

Public Service Company of Colorado doing business as Xcel Energy to operate the Pawnee coal-

fired power plant in Morgan County, Colorado.  The Clean Air Act expressly requires that the

Administrator "shall grant or deny such petition within 60 days."  42 U.S.C. § 7661d(b)(2).

Although more than 60 days have passed, the Administrator has not acted on Guardians' Petition

and is in violation of her mandatory and nondiscretionary duty under the Clean Air Act (the

1

"Act" or "CAA").  Guardians seeks an order compelling the Administrator to obey the CAA and grant or deny its Petition.  Guardians also seeks a declaration that the Administrator is in violation of the Act.

**JURISDICTION, VENUE, AND NOTICE**

2.      This Court has subject matter jurisdiction over the claim in this Complaint pursuant to the citizen suit provision of the Clean Air Act, because the Administrator has failed to perform a non-discretionary act or duty under the CAA.  42 U.S.C. § 7604(a)(2) (citizen suit provision of the CAA).  This Court has federal question jurisdiction, because Guardians claims a violation of the Clean Air Act, a federal statute.  28 U.S.C. § 1331 (federal question jurisdiction).  The requested relief is authorized by statute.  28 U.S.C. § 2201 (declaratory judgment); 28 U.S.C. § 2202 (injunctive relief); and 42 U.S.C. § 7604(d) (costs and attorney fees).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events and omissions giving rise to Guardians' claim occurred in the District of Colorado.  Guardians' Petition concerns a permit issued by an administrative agency of the State of Colorado regulating air pollution from the Pawnee power plant in Morgan County, Colorado.  The EPA Regional Office in Denver is responsible for reviewing permits from the State of Colorado and will play a primary role in granting or denying Guardians' Petition.  Additionally, Jeremy Nichols, Guardians' Climate and Energy Program Director, the drafter of Guardians' Petition works in Guardians' Denver office.

4.      Guardians properly gave the Administrator more than 60-days written notice of the violation alleged in this Complaint and of Guardians' intent to bring suit to remedy that violation.  See 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2 and 54.3.  The Administrator received Guardians' Petition on February 21, 2010.  When the Administrator failed to respond

within 60 days, on May 6, 2010, Guardians provided the Administrator with written notice of the claim alleged in this Complaint and of its intent to sue.  More than 60 days have passed since the Administrator received Guardians' notice letter.  The Administrator has not remedied the violations alleged in Guardians' notice letter and this Complaint by granting or denying Guardians' Petition.

## PARTIES

5.      Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization with a major office in Denver, Colorado.  Guardians is dedicated to protecting and restoring wildlife, wild rivers, and wild places in the American West, and to safeguarding the Earth's climate and air quality.  WildEarth Guardians and its members work to reduce harmful air pollution in order to safeguard public health, welfare, and the environment.  Guardians has approximately 4,500 members, many of whom live, work, and/or recreate in areas affected by pollution from the Pawnee coal-fired power plant.

6.      Guardians is a "person" within the meaning of 42 U.S.C. § 7602(e).  As such, Guardians may commence a civil action under 42 U.S.C. § 7604(a).

7.      Guardians' members live, raise their families, work, recreate, and conduct educational, research, advocacy, and other activities in and around the Pawnee coal-fired power plant and the areas impacted by the facility's air pollution.  As a part of its efforts, Guardians regularly participates in the public permitting process for facilities that emit air pollution. Guardians spends money and time on these processes with the aim of ensuring that permits, such as that issued to the Pawnee coal-fired power plant, protect and improve air quality, as well as comply with relevant laws and regulations.  Guardians and its members have a substantial interest in ensuring that EPA complies with federal law, including the requirements of the CAA.

During the permitting process for the Pawnee power plant, Guardians provided comments

critical of the Permit's terms and limits and subsequently petitioned the Administrator to object

to the issuance of the Permit.  The Administrator's unlawful withholding of a decision on

Guardians' Petition harms Guardians and its members.  The CAA gives Guardians a procedural

right to a timely decision on its Petition.  This interest, as well as Guardian's organizational

interest in participating in and influencing the permitting process are injured by the

Administrator's failure to respond to Guardians' Petition.  Guardians' and its members' interests

have been, are being, and will continue to be, irreparably harmed by EPA's failure to act on

Guardians' Petition for an objection to Pawnee's Permit.

8.      Because the Administrator has not responded to Guardians' Petition, the

organization's members and volunteers cannot be certain that Pawnee's Permit conforms to the

requirements of the CAA.  The Administrator's failure to respond thus prevents Guardians'

members and volunteers from being certain that Pawnee's Permit protects them from exposure to

pollutants emitted by that facility to the extent required by law.  The Administrator's unlawful

withholding of a decision on Guardians' Petition harms Guardians and its members by allowing

the Pawnee power plant to release more pollution.  The Permit allows the Pawnee power plant to

release pollutants that degrade the air, environment, economy, and scenery used by Guardians'

members.  These pollutants harm the economic, health, aesthetic, recreational, procedural, and

organizational interests of Guardians and its members.

9.      The Administrator's unlawful withholding of action on Guardians' Petition

prevents Guardians from challenging an unfavorable EPA decision or from benefiting from a

favorable decision on the Petition.  EPA's decision on the Petition, if favorable, is likely to result

in changes to the Permit that would reduce pollution from the facility.  An unfavorable decision

on the Petition would allow Guardians to bring a challenge to EPA's decision.  A favorable

decision on the Petition or a successful challenge to an adverse decision would likely result in a

reduction in the level of pollution the facility's Permit would allow and a consequent reduction in

the harm to Guardians and its members.  The CAA violations alleged in this Complaint have

injured and continue to injure the interests of Guardians and its members.  Granting the relief

requested in this lawsuit would redress these injuries by compelling EPA action that Congress

determined to be an integral part of the regulatory scheme for protecting human health from the

effects of unregulated air pollution.

    10.    Defendant LISA JACKSON is the Administrator of the EPA.  The Administrator

is responsible for implementing the CAA, including the requirement to grant or deny Guardians'

petition within 60 days.  Ms. Jackson is sued in her official capacity.

## REQUIREMENTS OF THE CLEAN AIR ACT

    11.    The Clean Air Act ("CAA") aims "to protect and enhance the quality of the

Nation's air resources."  42 U.S.C. § 7401(b)(1).  To help meet this goal, the 1990 amendments

to the CAA created the Title V permit program—an operating permit program that applies to all

major sources of air pollution.  See 42 U.S.C. §§ 7661-7661f.

    12.    A primary purpose of the Title V permitting program is to reduce violations of the

CAA and improve enforcement by recording in a single document all of the air pollution control

requirements that apply to a major source of air pollution.  See New York Public Interest

Research Group v. Whitman, 321 F.3d 316, 320 (2nd Cir. 2003).  Major sources of air pollution

cannot legally discharge pollutants into the air unless they have a valid Title V operating permit.

See 42 U.S.C. § 7661a(a).

    13.    The CAA provides that the EPA Administrator may approve state programs to

administer the Title V permitting program with respect to sources within their borders.  See 42

U.S.C. § 7661a(d).  The Administrator has approved Colorado's administration of its Title V

permit program.  See 65 Fed. Reg. 49,919 (Aug. 16, 2000).  The Colorado Department of Public

Health and Environment, Air Pollution Control Division ("APCD") is responsible for issuing

Title V permits in Colorado.

14.     Before a state with an approved Title V permit program can issue a Title V permit,

the State must forward the proposed Title V permit to EPA.  See 42 U.S.C. § 7661d(a)(1)(B).

EPA then has 45 days to review the proposed permit.  EPA must object to the issuance of the

permit if EPA finds that the permit does not comply with all applicable provisions of the CAA.

See 42 U.S.C. § 7661d(b)(1).

15.     After EPA's 45-day review period expires, "any person may petition the

Administrator within 60 days" to object to the proposed permit.  42 U.S.C. § 7661d(b)(2).

16.     Once EPA receives such a petition, the CAA requires that "[t]he Administrator

shall grant or deny such petition within 60 days after the petition is filed.  42 U.S.C. §

7661d(b)(2).

### FACTUAL ALLEGATIONS

17.     The Pawnee coal-fired power plant is a major stationary source of air pollution

located near Brush, Colorado.  The facility consists of a coal-fired boiler that generates steam to

produce electricity.

18.     According to the Technical Review Document for the Title V permit, the Pawnee

facility annually releases 4,595 tons of nitrogen oxide ("NOx"), 73.71 tons of volatile organic

compounds ("VOCs"), 153.91 tons of particulate matter less than 10 microns in diameter

("$PM_{10}$"), and 3,837,802 tons of carbon dioxide ("$CO_2$").  The Pawnee facility also annually

6

releases other air pollutants including carbon monoxide ("CO"), hydrochloric acid ("HCl"), and mercury ("Hg").

19.     During APCD's public comment period for the Title V permit, Guardians submitted comments on July 3, 2009.  Guardians objected to the permit with respect to compliance with particulate matter limits, opacity limits, air toxics emission limits, and Prevention of Significant Deterioration ("PSD") requirements.

20.     The APCD submitted the proposed Title V permit for the Pawnee coal-fired power plant to EPA on November 9, 2009.  The EPA's 45-day review period for the permit ended on December 24, 2009.  EPA did not raise any objections to the permit.

21.     On February 20, 2010, Guardians filed a petition requesting that the Administrator object to the issuance of the Title V permit for the Pawnee coal-fired power plant on the bases that the Title V permit (1) failed to assure compliance with prevention of significant deterioration ("PSD") requirements under the Clean Air Act, (2) failed to require sufficient periodic monitoring to ensure harmful levels of particulate matter are not released from the smokestack of the power plant, (3) failed to limit and sufficiently monitor fugitive particulate emissions, (4) failed to limit toxic air emissions in accordance with section112(j) of the Clean Air Act, and (5) failed to ensure that carbon dioxide emissions are appropriately limited in accordance with the Clean Air Act.  EPA received Guardians' Petition on February 21, 2010.

22.     Guardians' petition was timely filed within 60 days following the conclusion of EPA's review period and failure to raise objections in accordance with section 505(b)(2) of the CAA.

23.     Guardians' petition was based on objections to the permit related to compliance with particulate matter limits, opacity limits, air toxics emission limits, and PSD requirements

that were raised with reasonable specificity during the public comment period for the draft

permit.

## CLAIM FOR RELIEF

### Failure to Grant or Deny Guardians' Petition

24.     Every allegation set forth in this Complaint is incorporated herein by reference.

25.     The Administrator has a mandatory duty to grant or deny Guardians' Petition

within 60 days after Guardians filed the Petition.  42 U.S.C. § 7661d(b)(2).

26.     It has been more than 60 days since the Administrator received Guardians'

Petition requesting that EPA object to the Pawnee Title V permit.

27.     As of the date of the filing of this Complaint, EPA has not granted or denied

Guardians' Petition.

28.     Accordingly, EPA has violated and continues to violate the CAA, 42 U.S.C. §

7661d(b)(2).

29.     This CAA violation constitutes a "failure of the Administrator to perform any act

or duty under this chapter which is not discretionary with the Administrator" within the meaning

of the CAA's citizen suit provision.  42 U.S.C. § 7604(a)(2).  EPA's violation is ongoing, and will

continue unless remedied by this Court.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff WildEarth Guardians requests that this Court enter judgment

providing the following relief:

A.     A declaration that EPA has violated the CAA by failing to grant or deny

Guardians' Petition requesting that EPA object to the Pawnee Title V permit;

B.      An order compelling EPA to grant or deny Guardians' Petition for an objection to the Pawnee Title V permit in accordance with an expeditious schedule prescribed by the Court and to publish in the Federal Register notice of granting or denying Guardians' Petition within ten working days of EPA's decision;

C.      An order retaining jurisdiction over this matter until such time as EPA has complied with its non-discretionary duties under the CAA;

D.      An order awarding Guardians its costs of litigation, including reasonable attorney's fees; and

E.      Such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of July 2010.

/s/ Samantha Ruscavage-Barz
WildEarth Guardians
312 Montezuma Avenue
Santa Fe, NM 87501
Tel: (505) 988-9126 x1158
Fax: (505) 989-8623
sruscavagebarz@wildearthguardians.org

*Attorney for Plaintiff WildEarth Guardians*