IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01672-RPM

WILDEARTH GUARDIANS,

        Plaintiff,

    v.

LISA JACKSON, in her official capacity as
Administrator, United States Environmental
Protection Agency,

        Defendant.

---

## CONSENT DECREE

---

This Consent Decree ("Consent Decree") is entered into by Plaintiff WildEarth

Guardians ("WildEarth") and by Defendant Lisa Jackson, in her official capacity as

Administrator of the United States Environmental Protection Agency ("EPA").

WHEREAS, WildEarth filed this action pursuant to section 304(a)(2) of the Clean Air

Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that EPA failed to perform a duty mandated by

CAA section 505(b)(2), 42 U.S.C. § 7661d(b)(2), to grant or deny, within 60 days, three

administrative petitions (the "Petitions") submitted by WildEarth. The Petitions requested that

EPA object to Title V Operating Permits issued by the Colorado Department of Public Health

and Environment, Air Pollution Division, to the Public Service Company of Colorado to operate

the Pawnee power plant in Morgan County, Colorado, the Valmont power plant in Boulder

County, Colorado, and the Cherokee power plant in Denver, Colorado;

WHEREAS, WildEarth and EPA (collectively, the "Parties") wish to effectuate a settlement of the above-captioned case without expensive and protracted litigation, and without a litigated resolution of any issue of law or fact;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of the claims in the above-captioned case and consent to entry of this Consent Decree; and

WHEREAS, the Court, by entering this Consent Decree, finds that this Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 *et seq.*

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has subject matter jurisdiction over the claims set forth in the Amended Complaint related to WildEarth's Petitions and to order the relief contained in this Consent Decree. Venue is proper in the United States District Court for the District of Colorado.

2. By June 30, 2011, or within 20 days after the entry date of this Consent Decree, whichever date is later, EPA shall sign its response to the petition addressing the Title V operating permit for the Pawnee power plant. Thereafter, EPA shall deliver the notice of its action to the Office of the Federal Register for publication.

3. By September 30, 2011, or within 20 days after the entry date of this Consent Decree, whichever date is later, EPA shall sign its response to the petition addressing the Title V operating permit for the Valmont power plant. Thereafter, EPA shall deliver the notice of its action to the Office of the Federal Register for publication.

4. By October 31, 2011, or within 20 days of the entry date of this Consent Decree, whichever date is later, EPA shall sign its response to the petition addressing the Title V operating permit for the Cherokee power plant. Thereafter, EPA shall deliver the notice of its action to the Office of the Federal Register for publication.

5. The United States agrees to pay WildEarth as full settlement of all claims for attorneys' fees, costs, and expenses incurred, under any authority, the sum of $2,600 as soon as reasonably practicable following entry of this Consent Decree, by electronic funds transfer to a bank account identified by WildEarth. WildEarth agrees to accept $2,600 in full satisfaction of any and all claims for costs and attorneys' fees with respect to the case, except that WildEarth reserves the right to seek fees for enforcement of the Consent Decree in the future. EPA does not concede that WildEarth will be entitled to fees for any efforts by WildEarth to enforce the Consent Decree in the future, and EPA reserves all defenses with respect to such enforcement efforts and any related fee claim. The fees under this Paragraph shall have no precedential value in any future fee claim.

6. Any provision of this Consent Decree may be modified by (a) written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any party to this Consent Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

7. WildEarth and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

8. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise

3

any responses or final actions contemplated by this Consent Decree. EPA's obligation to perform the actions specified by Paragraphs 2, 3, and 4 by the times specified does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law or to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the Title V Operating Permits for the Pawnee, Valmont, and Cherokee power plants.

10. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to CAA section 307(b)(1) and 505, 42 U.S.C. §§ 7607(b)(1), 7661d. Nothing in this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

11. The Parties recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

12. Any notices required or provided for by this Consent Decree shall be made in writing, via facsimile or other means, and sent to the following:

4

For WildEarth:

Samantha Ruscavage-Barz
WildEarth Guardians
312 Montezuma Ave.
Santa Fe, NM 87501
(505) 988-9126 x1158
sruscavagebarz@wildearthguardians.org

For EPA:

Alan Greenberg
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1366
alan.greenberg@usdoj.gov

Richard H. Vetter
Office of General Counsel
U.S. EPA
Mail Drop D205-01
Research Triangle Park, NC 27711
(919) 541-2127
vetter.rick@epa.gov

Elyana Sutin
Office of Regional Counsel
USEPA Region 8
1595 Wynkoop Street
Mail Code: 8RC
Denver, CO 80202-1129
(303) 312-6899
sutin.elyana@epa.gov

Sara Laumann
Office of Regional Counsel
USEPA Region 8
1595 Wynkoop Street
Mail Code: 8RC
Denver, CO 80202-1129
(303) 312-6443
laumann.sara@epa.gov

13. In the event of a dispute among the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within ten business days after receipt of the notice, any Party may move the Court to resolve the dispute.

14. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be properly filed unless WildEarth has followed the procedure set forth in Paragraph 13, and provided EPA with written notice received at least ten business days before the filing of such motion or proceeding.

15. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to rule upon any motions filed in accordance with Paragraph 6 of this Consent Decree, and to resolve any disputes in accordance with Paragraph 13 of this Consent Decree. When EPA's obligations under Paragraphs 2, 3, 4 and 5 have been completed, this case shall be terminated and the case dismissed with prejudice. The Parties may either jointly notify the Court that the Consent Decree should be terminated and the case dismissed, or EPA may so notify the Court by motion, and Plaintiff shall have twenty days in which to respond to such motion.

16. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice in the Federal Register and an opportunity for comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). EPA will deliver a public notice of this Consent Decree to the Federal Register for publication and public comment after lodging this Consent Decree with the Court. After this Consent Decree has undergone an opportunity for notice and comment, EPA's Administrator and the Attorney General, as appropriate, will promptly consider any such written comments in determining whether to

withdraw or withhold consent to this Consent Decree, in accordance with section 113(g) of the Clean Air Act. If the Administrator or the Attorney General elects not to withdraw or withhold consent to this Consent Decree, the Parties will promptly file a motion that requests the Court to enter this Consent Decree.

17. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Wildearth and EPA and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

18. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Consent Decree.

SO ORDERED this 10th day of January 2011

_____
United States District Judge

SO AGREED:

FOR PLAINTIFF:


/s/ Samantha Ruscavage-Barz
SAMANTHA RUSCAVAGE-BARZ, Esq.
WildEarth Guardians
312 Montezuma Ave.
Santa Fe, NM 87501
(505) 988-9126 x1158
sruscavagebarz@wildearthguardians.org

DATED:  September 24, 2010



FOR DEFENDANT:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division


By:      /s/ Alan D. Greenberg
         ALAN D. GREENBERG
         Environmental Defense Section
         Environment and Natural Resources Division
         U.S. Department of Justice
         999 18th Street
         South Terrace, Suite 370
         Denver, CO 80202
         (303) 844-1366
         alan.greenberg@usdoj.gov

         DATED: October 27, 2010